UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. WOLF, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-1174-CEJ |
| JEFFERSON COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to dismiss the amended complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

### I. Background

Plaintiff James E. Wolf, *pro se,* brings this action seeking damages and injunctive relief for alleged violations of his civil rights. In the amended complaint, plaintiff alleges that in 2003 he began building a house in Jefferson County, Missouri. Much of the construction was completed by 2006, despite several "stop work orders" that delayed the project. Although plaintiff finished the house in 2011, he is not allowed to live in it.

Plaintiff alleges that defendant Jefferson County has "to inspect the house or to issue plaintiff an occupancy permit. Plaintiff alleges that criminal charges have been brought against him for building the house. Plaintiff contends that Jefferson County is corrupt and that its agencies and departments have engaged in unspecified "illegal labor racketeering."

Also named as defendants are Local 1, International Brotherhood of Electrical

Workers, AFL-CIO, Local 36, Sheet Metal Workers Union, and Local 562, Plumbers' and Pipefitters' Association (collectively, "the unions").[1] Plaintiff alleges that the unions "control" the County and directed the County not to issue plaintiff an occupancy permit or a mechanic's license. Plaintiff further alleges that the unions engaged in unlawful employment practices, including "blackballing," harassment, and retaliation against plaintiff and his company.

The amended complaint also makes reference to fair housing violations, hate crimes, and disability discrimination. Plaintiff seeks (1) an injunction permitting him to occupy the house; (2) an order that a host of entities, governments, and individuals be charged with various federal crimes[2]; (3) an order "forcing" the State of Missouri "to redress its lack of government" "management" by "tak[ing] control of the licensing program" and instituting a "fair system of government"; (4) the creation of a federal oversight committee to effect the same; and (5) damages.

## II.    Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)

---

[1] Neither the original nor the amended complaint was served on Local 36, Sheet Metal Workers Union. Thus, no motion to dismiss has been filed on its behalf. Nevertheless, the reasons supporting dismissal of this action against the other defendants apply equally to the claims against Local 36.
[2] The amended complaint cites 18 U.S.C. §§ 241–242, 245, 249, and 42 U.S.C. §§ 3631, 14141.

2

(stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Discussion

The federal statutes enumerated in the amended complaint, 18 U.S.C. §§ 241–242, 245, 249, and 42 U.S.C. §§ 3631, 14141, do not confer on plaintiff a private right of action by which he could sue the defendants. *See United States v. Maybee*, 687 F.3d 1026, 1030 (8th Cir. 2012) (describing the requirements for the United States to prosecute a person for a hate crime under 18 U.S.C. § 249); *United States v. J.H.H.*, 22 F.3d 821, 824–28 (8th Cir. 1994) (describing the requirements for the United States to prosecute a person under 18 U.S.C. § 241 and 42 U.S.C. § 3631); *Wolf v. Hoene Ridge Subdivision*, No. 4:15-CV-1140-RLW, 2015 WL 8665406, at *2–3 (E.D. Mo. Dec. 11, 2015) (dismissing another suit by this same plaintiff; finding no private right of action under 18 U.S.C. §§ 241–242, and 42 U.S.C. § 3631 and holding that plaintiff did not state a claim that the defendants violated his rights protected by 42 U.S.C. §§ 3603–3606); *Perkins v. Univ. of Kan. Med. Ctr.*, No. 13-2530-JTM, 2014 WL 1356042, at *4 (D. Kan. Apr.

3

7, 2014) (holding that 18 U.S.C. § 249 does "not authorize a private right of action"); *Guthrie v. Franklin Cnty.*, No. 4:07-CV-2108-CEJ, 2008 WL 815733, at *3 (E.D. Mo. Mar. 24, 2008) (holding that "plaintiffs cannot sustain a cause of action under 42 U.S.C. § 14141, which allows only the Attorney General of the United States to seek injunctive relief from unconstitutional patterns or practices by law enforcement officials"); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (explaining that 18 U.S.C. "§ 245, which permits federal prosecution for interference with a list of federally protected activities, confers neither substantive rights nor a private right of action for damages"). Therefore, the claims asserted by plaintiff on the basis of those statutes will be dismissed.

In considering a motion to dismiss based on Rule 12(b)(6), the court is required to "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," but the court is "not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 555–56, 570. The scant facts alleged as to Gary Parham, PayneCrest Electric, Multimedia KSDK, Inc., Mike Rush, the State of Missouri,[3] St. Louis County, Missouri, and the City of Arnold, Missouri fail to state plausible, non-speculative, non-conclusory claims for relief against each of those defendants. Therefore, the claims against these defendants will be dismissed.

Plaintiff claims Jefferson County should have issued him an occupancy permit

---

[3]Because no plausible claim is alleged against the State of Missouri, it is unnecessary to separately address the State's argument that it is entitled to sovereign immunity.

4

and a license needed to operate his company, and that the County has charged him with unspecified crimes. None of those allegations are supported by sufficient factual bases to state any plausible claim for relief against the County. *See McDonough*, 799 F.3d at 945.

Whether the County was required to issue plaintiff an occupancy permit or a business license is a question of law. The amended complaint does not allege facts from which a reasonable inference could be drawn that the County may have been legally required to do so. *See Keveney*, 304 S.W.3d at 104.

Likewise, plaintiff has failed to allege facts sufficient to support claims of harassment, disability discrimination, or breach of contract. S*ee Hill v. Walker*, 737 F.3d 1209 (8th Cir. 2013) (describing elements of a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*); *Wolf*, 2015 WL 8665406, at *3–4 (dismissing this same plaintiff's ADA claims because, assuming plaintiff has a qualifying disability, the ADA is designed to "remedy discrimination in employment (Title I), in the services of public entities (Title II), and in places of public accommodation (Title III)"; and this plaintiff had not claimed any Title I-qualifying employment relationship with the defendants in that case; he had not stated a Title II claim, because he had failed to allege "what public service benefit he was entitled to or how he was excluded from said public benefit"; and he had not stated a Title III claim, because he was "claiming discrimination in the use of his own private home, not to services in a place of public accommodation" (quotation marks and citations omitted)); *State v. Wooden*, 388 S.W.3d 522, 525 (Mo. 2013) (en banc) (citing Mo. Rev. Stat. § 565.090.1 and defining harassment under Missouri law); *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)

(en banc) (enumerating the elements of a breach of contract claim under Missouri law); *State v. Callen*, 45 S.W.3d 888, 889 (Mo. 2001) (en banc) (citing Mo. Rev. Stat. § 557.035 and defining a "hate crime" under Missouri law).

Nor do the conclusory allegations plausibly suggest that the County's refusal to issue an occupancy permit stems from a corrupt racketeering scheme or conspiracy aimed to harm plaintiff. *See Dean v. Cnty. of Gage*, 807 F.3d 931, 939 (8th Cir. 2015) (identifying elements of a 42 U.S.C. § 1983 civil conspiracy claim); *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660–62 (8th Cir. 2012) (describing the requirements to assert a private right of action under 18 U.S.C. § 1964(c) for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*.); *Wolf*, 2015 WL 8665406, at *4 (holding that this plaintiff had not stated a RICO claim because he had failed to plausibly allege "racketeering activity," as defined by 18 U.S.C. § 1961, and he had failed to plausibly allege "at least two predicate acts," as the statute requires); *Raineri Const., LLC v. Taylor*, No. 4:12-CV-2297-CEJ, 2014 WL 348632, at *5–8 (E.D. Mo. Jan. 31, 2014) (explaining RICO's "predicate acts" requirement).

Further, that the County allegedly charged plaintiff with unspecified crimes is also insufficient to state any plausible claim for relief. Therefore, the claims against Jefferson County, Missouri will be dismissed.

Finally, as to the unions, the amended complaint states in a conclusory manner the illegal nature of their actions, and those legal conclusions do not state plausible claims for relief. *See McDonough*, 799 F.3d at 945; *Wooden*, 388 S.W.3d at 525; *Callen*, 45 S.W.3d at 889. Additionally, the assertion that the unions "control" the County and its licensing regime is conclusory and is not supported by

factual allegations that, if true, might entitle plaintiff to relief on the basis of a civil conspiracy or RICO claim. *See Dean*, 807 F.3d at 939; *Gomez*, 676 F.3d at 660–62; *Wolf*, 2015 WL 8665406, at *4; *Taylor*, 2014 WL 348632, at *5–8. That plaintiff's company cannot legally work in the County absent a license does not state a claim because it is not plausibly alleged that the company is legally entitled to a license. Therefore, the conclusory allegation that the unions "pushed" the County not to issue licenses to plaintiff and his company also does not state a plausible claim for relief on these facts. *See Dean*, 807 F.3d at 939; *Gomez*, 676 F.3d at 660–62; *Wolf*, 2015 WL 8665406, at *4; *Taylor*, 2014 WL 348632, at *5–8.

Further, the allegations that the unions resisted plaintiff's efforts to rejoin them, that they refuse to work with him or his company, and that they tried to destroy the company are bereft of factual support, and thus fail to state any claim for relief. *See* 29 U.S.C. § 158(b)(1)(A) (explaining that a union has the "right" to "prescribe its own rules with respect to the acquisition or retention of membership"); *Wolf*, 2015 WL 8665406, at *3–4 (explaining that a Title I ADA claim can only arise out of an employment relationship); *Keveney*, 304 S.W.3d at 104 (describing Missouri contract law). Therefore, the claims against the unions will be dismissed.

*************

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motions to dismiss the amended complaint [Docs. ##81, 83, 85, 86, 88, 90, 92, 93] are **granted**.

**IT IS FURTHER ORDERED** that all other pending motions [Docs. ##16, 23, 28, 30, 37, 47, 49, 52, 71, 73] are **moot**.

7

An order of dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2016.